USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 08 2016

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DAVE SHOSTACK,            :

          Plaintiff,     :

      -against-       :

BARRY DILLER CEO, IAC a.k.a INTERACTIVE :
CORP., DOUG LEBDA CEO, LENDING TREE  :
INC. a.k.a. LT TECHNOLOGIES,     :
LENDINGTREE.COM a.k.a. LENDING TREE  :
LLC, MATT ZURCHER CEO, AND HOME   :
ADVISOR INC.,          :
         Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM DECISION**
**AND ORDER**

15 Civ. 2255 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* plaintiff Dave Shostack ("Plaintiff") brings this action against defendants

IAC/Interactive Corporation, Lending Tree Inc., HomeAdvisor, and individual defendants Barry

Diller, Doug Lebda, Matt Zurcher (collectively "Defendants"). (*See* Am. Compl., ECF No. 15.)

According to Plaintiff, Defendants violated the Telephone Consumer Protection Act ("TCPA"),[1]

the Gramm-Leach-Bliley Act ("GLBA"), New York General Business Law ("N.Y. GLB") § 349,

the Federal Trade Commission Act ("FTCA"), the Fair Credit Reporting Act ("FCRA"), and the

Federal Trade Commission Telemarketing Sales Rule ("Sales Rule"). Specifically, an unknown

third-party stole Plaintiff's personal information, supplied it to Lending Tree and HomeAdvisor,

and as a result, he received unsolicited telemarketing calls from various mortgage brokers and

home improvement contractors despite his number being on the National Do Not Call Registry.

(*See* Am. Compl, at ¶¶ 12-24.) Additionally, Plaintiff alleges that Lending Tree ran his credit

---

[1] At this time, Defendants do not move to dismiss Plaintiff's TCPA claim. (Defs.' Mem. of Law in Supp.
of Mot. to Dismiss ("Mem."), ECF No. 20, at 1 n.2.)

report without first verifying that the mortgage lead they received from the unknown third party "was legitimate." (Am. Comp., at ¶ 19.)

On June 5, 2015, Defendants moved to partially dismiss the operative complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over the individual defendants and Rule 12(b)(6) for failure to state a claim. (Defs.' Mot. to Dismiss, ECF Nos. 19, 22). Plaintiff then attempted to file a second amended complaint on July 31, 2015 without seeking leave of this Court or obtaining Defendants' consent. Plaintiff also filed an affidavit in opposition to Defendants' Motion to Dismiss that same day. (Pl.'s Aff. in Opp'n ("Opp'n"), ECF No. 24.) The matter was referred to Magistrate Judge James Cott, who rejected the proposed second amended complaint. He directed Defendants to address in their Reply whether or not they opposed further amendments to the complaint. (ECF Nos. 25, 26.) Defendants indicated that they opposed Plaintiff's request for leave to amend. (Defs.' Reply Br. ("Reply"), ECF No. 29, at 8.)

Before this Court is Magistrate Judge Cott's Report and Recommendation ("Report," ECF No. 41), recommending that Defendants' partial motion to dismiss be granted and that Plaintiff be denied leave to amend his complaint a second time.[2] (Report at 29.)

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y.

---

[2] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (internal citations and quotation marks omitted)).

Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.  (Report at 29); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  As of the date of this Order, no objection to the Report has been filed.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*."  *Thomas v. Westchester Cty.*, No. 12–CV–6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). While courts read *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal citation and quotation marks omitted), *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted).  Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted); *see also Sharma v. D'Silva*, No. 14-CV-6146, 2016 WL 319863, at *3 (S.D.N.Y. Jan. 25, 2016).

This Court is satisfied that the Report contains no clear error of law and adopts the Report in full.

## II. INDIVIDUAL DEFENDANTS

The individual Defendants Diller, Lebda, and Zurcher argue that they should be dismissed from this action on two alternative grounds: lack of personal jurisdiction and failure to state a claim against them.   (Mem. at 9-14.)  Plaintiff responds in his affidavit in opposition that this Court has personal jurisdiction over the individual defendants because they are executive officers of their respective companies who can be held vicariously liable for the acts of their employees.  (*See* Opp'n, at ¶¶ 35-45.)

To survive a 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff must make "legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant."  (Report at 5 (quoting *Penguin Grp. (USA), Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (internal citation omitted)).)  In its analysis, a court "will not draw argumentative inferences in the plaintiff's favor," nor must it "accept as true a legal conclusion couched as a factual allegation."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (internal citations and quotation marks omitted).

The Report properly found that Plaintiff failed to make a *prima facie* showing establishing personal jurisdiction, *see Licci*, 673 F.3d at 59, and, accordingly Magistrate Judge Cott properly recommended dismissing Plaintiff's claims against the individual defendants, pursuant to Rule 12(b)(2).  (Report at 7.)   Because the various federal statutes under which Plaintiff brings his claims lack jurisdictional provisions, federal courts apply the personal jurisdiction rules of New York, the forum state, so long as those rules are consistent with the requirements of Due Process. *See Am. Buddha*, 609 F.3d at 35 (internal citation omitted).

Under New York Civil Practice Law and Rules ("N.Y. CPLR") §§ 301 and 302, to obtain personal jurisdiction, a plaintiff must allege that an individual is doing business in New York in his personal capacity, "not merely as an officer of a corporation that does business in New York." (Report at 8 (citing *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1148 n.5 (S.D.N.Y. 1995) (internal citation omitted)).) If general jurisdiction cannot be found pursuant to § 301, specific jurisdiction may be found under § 302(a), New York's long-arm statute. (*See id.* (citing *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 322 (S.D.N.Y. 1998) (internal citation omitted)).) To obtain jurisdiction over corporate officers under the long-arm statute, a plaintiff must show that those officers were the "primary actors" in a corporation's purposeful activities giving rise to the Plaintiff's claims. (*See* Report at 9 (citing *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 647 (S.D.N.Y. 2008) (describing "corporation as agent" theory).) Magistrate Judge Cott found that Plaintiff's conclusory allegations did not include any facts showing that the individual defendants had any direct involvement in the actions giving rise to this litigation. (*See* Report at 9-10.)

Magistrate Judge Cott also found that the Complaint failed to state a claim against the individual defendants. (*See* Report, at 10.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While principals or employers may be vicariously liable for the acts of their agents or employees acting within the scope of their authority or employment, it is well-established that "the corporation, not its owner or officer, . . . is the principal or employer, and thus subject to vicarious

liability for torts committed by its employees or agents." (*See* Report, at 10 (citing *Meyer v. Holley*, 537 U.S. 280, 286 (2003) (internal citation omitted)).)  Similarly, "absent bad faith or fraud, corporate officers and directors acting within the scope of their employment cannot be held personally liable for breaches of contract or tortious acts committed by their corporations." (*Id.* (quoting *Rella v. N. Atl. Marine, Ltd.*, No. 02-CV-8537, 2004 WL 1418021, at *9 (S.D.N.Y. June 23, 2004) (internal citations and quotation marks omitted)).)  Plaintiff has failed to plead any facts showing that the individual defendants participated, directed, were aware of, or benefitted from, the actions on which he bases his claims.  He instead relies on speculation and legal conclusions. (*See* Report, at 11-12.)

Having found that Plaintiff failed to allege facts establishing personal jurisdiction over the individual defendants, as well as a claim for which relief may be granted, Magistrate Judge Cott properly recommended that all claims against the individual defendants be dismissed. (*Id.* at 12.) This Court accepts that recommendation.

### III. CLAIMS AGAINST INTERACTIVE CORPORATION

Magistrate Judge Cott recommended that all claims against Interactive Corporation ("IAC"), the parent company of Lending Tree and HomeAdvisor, also be dismissed. (Report at 12.)  It is axiomatic that, absent direct involvement, a parent corporation may only be held liable for its subsidiary's actions if a plaintiff can show that the subsidiary is an agent or alter ego of the parent. *See N.Y. State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 224 (2d Cir. 2014). Plaintiff's Amended Complaint alleges no facts that IAC had any direct involvement with running his credit report or facilitating the allegedly illegal telemarketing calls to his residence. (Report at 14.)  Additionally, Plaintiff has not alleged any facts that allow him to "pierce the corporate veil." That is, Plaintiff has not sufficiently alleged that IAC "dominate[ed] the subsidiary[ies] in such a

way as to make it a 'mere instrumentality' of the parent." (Report at 13 (citing *FirstEnergy*, 766 F.3d at 224).) Nor has Plaintiff alleged any facts showing that IAC "exploit[ed] its control to 'commit fraud or other wrong'" or that, as a result, he "suffer[ed] an unjust loss or injury." (*Id.*)

This Court accepts the Report's recommendation and dismisses the claims against IAC.

## IV. GRAMM-LEACH-BLILEY ACT AND FEDERAL TRADE COMMISSION ACT CLAIMS

The Report recommends that Plaintiff's claims brought under the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, *et seq.*, and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a), be dismissed because neither of those statutes provide for a private right of action. (*See* Report, at 14, 19.)

Plaintiff alleges that Lending Tree (and vicariously, IAC) violated the Gramm-Leach-Bliley Act ("GLBA") by running his credit report without his permission. (*See* Am. Compl, at ¶¶ 46-47, 53(a).) Magistrate Judge Cott properly found that Plaintiff lacks standing to bring a claim enforcing the GLBA. (Report, at 15); *see* 15 U.S.C. § 6805(a) (providing that the Bureau of Consumer Financial Protection may enforce the GLBA); *Huelbig v. Aurora Loan Servs., LLC*, No. 10-CV-6215, 2011 WL 4348281, at *5 (S.D.N.Y. May 18, 2011), adopted 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011) (stating that the GLBA does not provide for a private right of action).

Similarly, Magistrate Judge Cott properly found that Plaintiff lacks standing to bring his allegations that Lending Tree, HomeAdvisor, and IAC participated in "unfair or deceptive acts or practice in or affecting commerce" in violation of the Federal Trade Commission Act ("FTCA"). (Report, at 20); *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing

to enforce its provisions.")    Accordingly, this Court accepts Magistrate Judge Cott's recommendation that Plaintiff's GLBA and FTCA claims be dismissed.

## V. NEW YORK GENERAL BUSINESS LAW SECTION 349 CLAIM

The Report further recommends that Plaintiff has failed to state a claim under New York General Business Law ("N.Y. GBL") § 349, entitled "Deceptive acts and practices unlawful." (*See* Report, at 16.)  To sufficiently plead a claim under N.Y. GBL § 349, a plaintiff must allege (1) that a defendant has engaged in consumer-oriented conduct; (2) that is materially misleading; and, 3) that the plaintiff has suffered injury as a result of this misconduct.  (*See* Report, at 16 (citing *Koch v. Acker, Merrall, & Condit Co.*, 18 N.Y.3d 940, 941 (2012) (internal citation omitted)).) While conduct directed at a single consumer may constitute consumer-oriented conduct, *see Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (internal citation omitted), courts in this District have held that non-recurring private transactions do not fall within the statute's purview.  *See, e.g., Genesco Entm't, a Div. of Lymutt Indus., Inc. v. Koch*, 593 F. Supp 743, 752 (S.D.N.Y. 1984).

Plaintiff claims that Lending Tree violated this statute when it performed the allegedly unauthorized credit check, (Am. Compl, at ¶ 53(a)), and that HomeAdvisor also violated this statute by failing to verify with Plaintiff whether the information it received from Lending Tree was "valid prior to giving [Plaintiff's] personal information to 6 home improvement contractors . . . ." (*Id.* at ¶ 43.)  Defendants contend that these actions do not constitute consumer-oriented conduct because they were aimed at Plaintiff, not at the general public. (Mem. at 17.) However, because Defendants' conduct is not unique to Plaintiff, was part of their ordinary course of business, and could easily be directed at various other consumers on a daily basis, Magistrate Judge Cott properly found that Defendants' acts constituted "consumer-oriented conduct" under

the statute. (*See* Report, at 17 (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995) (noting that the statute does not require defendants' improper conduct to harm more than one individual so long as it can potentially affect similarly situated consumers).)

However, Magistrate Judge Cott found that Plaintiff failed to allege any facts allowing a reasonable inference that Defendants' actions were "likely to mislead a reasonable consumer acting reasonably under the circumstances"—in other words, Defendants' actions were not fraudulent. *See Oswego*, 85 N.Y.2d at 26. While dissemination of Plaintiff's personal information may have affected his privacy, "these acts neither deceived nor misled anyone in the manner proscribed by the N.Y. GBL." (Report, at 18 (citing *Maurizio v. Goldsmith*, 230 F.3d 519, 522 (2d Cir. 2000).)

As to the third element of a deceptive business practice claim, Magistrate Judge Cott found that Plaintiff similarly failed to allege any actual injury caused by Defendants' conduct. (Report, at 18.) Plaintiff merely pleaded an "unquantifiable injury to a privacy interest," which is not a cognizable injury. (*Id.* (citing *Lane v. Fein, Such, & Crane, LLP*, 767 F. Supp. 2d 382, 391 (E.D.N.Y. 2011)).)

As Plaintiff failed to plead any facts regarding two of the three elements of a deceptive business practice claim, Magistrate Judge Cott properly recommended that Plaintiff's N.Y. GBL claim be dismissed. (*See* Report, at 19.)

## VI. FAIR CREDIT REPORTING ACT CLAIM

Magistrate Judge Cott properly construed Plaintiff's *pro se* pleadings regarding Lending Tree and IAC, (Am. Compl, at ¶¶ 38, 40, 53(a)), to allege that Lending Tree failed to comply with § 1681b(f) of the Fair Credit Reporting Act ("FCRA") by obtaining his credit report for a purpose

unauthorized by the statute. (Report, at 20-21.) Section 1681b of FCRA enumerates the permissible purposes of consumer reports and proscribes a person from obtaining or using a report for any purpose not specifically authorized by the statute. (*Id.*, at 20 (citing 15 U.S.C. § 1681b(f).)

To state a claim for civil liability under § 1681n of FCRA, a plaintiff must allege (1) that a defendant used or obtained plaintiff's credit report for an impermissible purpose, and (2) that the violation was willful. (*See* Report, at 21 (citing *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 396 (S.D.N.Y. 2014) (internal citation and quotation marks omitted)).) Courts in this District have held that "[m]erely stating that the violation was 'willful' . . . is insufficient." *Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 167 (S.D.N.Y. 2014).

Addressing the first element of a FCRA claim, the Report properly concluded that Lending Tree's actions "were permissible to the extent they related to the receipt of a mortgage application from a person purporting to be [Plaintiff]." (Report, at 22); *see* 15 U.S.C. § 1681b(a)(3)(A) (providing that a party may obtain a credit report if it "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to . . . the consumer"). According to the facts as Plaintiff alleged, Lending Tree did not know that Plaintiff had not authorized the transaction. (*See* Report, at 22.) Furthermore, FCRA does not impose an affirmative duty on Lending Tree to verify the validity of a report request with Plaintiff prior to running his credit report. (*Id.* (citing Am. Compl, at ¶ 38).)[3]

---

[3] The Report also addressed the second element of a claim under FCRA § 1681n –the requisite state of mind, and correctly found that Plaintiff failed to allege any facts, beyond conclusory statements, that Defendants' acts were willful. (*See* Report, at 24.) The only willful acts Plaintiff alleged in his Amended Complaint were those committed by the third party who stole his identity and fraudulently applied for a mortgage on his home. (*See id.*) Magistrate Judge Cott therefore correctly concluded that Plaintiff's failure to allege sufficient facts as to whether Defendant's actions were willful in violation of the statute provided an alternative ground for dismissal of Plaintiff's § 1681n claim. (*See id.*) Because the test for § 1681n liability is in the conjunctive, this Court only need dismiss Plaintiff's claim on one ground.

Thus, this Court accepts the Report's recommendation that Plaintiff's FCRA claim be dismissed pursuant to Rule 12(b)(6).[4]

### VII. FEDERAL TRADE COMMISSION TELEMARKETING SALES RULE

The Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA") authorizes the Federal Trade Commission ("FTC") to implement and enforce a national do-not-call registry, as well as promulgate rules and regulations prohibiting abusive telemarketing acts and practices. (*See* Report, at 25-26 (citing 15 U.S.C. §§ 6151(a), 6102(a)(3).) One such rule, the Sales Rule, prohibits telephone solicitations to a person after that person has stated he does not wish to receive further calls from a company, or if that person's telephone number is on the national do-not-call registry. (Report, at 26 (citing 16 C.F.R. §§ 310.4(b)(1)(iii)(A)-(B).) Furthermore, TCFAPA provides for a private right of action for any person adversely affected by a telemarketing practice that violates any of the FTC's rules, including the Sales Rule. (*Id.* (citing 15 U.S.C.§ 6104(a).) However, a plaintiff must allege actual damages of $50,000 or more to sustain a Sales Rule claim. (*Id.*)

Plaintiff alleges that HomeAdvisor violated the Sales Rule in three ways. First, a HomeAdvisor representative called Plaintiff a second time, on November 18, 2013, after Plaintiff asked a previous HomeAdvisor representative not to call his residence and to add his residential phone number to the company's "Do Not Call" list. (Am. Comp., at ¶¶ 25, 52(b), 53(b)-(c).)

---

[4] Magistrate Judge Cott noted that while Plaintiff did not allege a claim under § 1681o (which creates liability for negligent violations of FCRA), some of Plaintiff's allegations "as to Lending Tree's culpability for obtaining his credit report plausibly meet a negligence standard." (Report, at 24.) However, a § 1681o claim requires Plaintiff to demonstrate actual damages. *See Braun*, 14 F. Supp. 3d at 387-98. Given that Plaintiff expressed in his affidavit in opposition that "actual damages [are] irrelevant to his claims," (Opp'n, at ¶¶ 17, 18), the Report found that granting Plaintiff leave to amend and plead a § 1681o claim would be futile.

Second, Plaintiff alleges that HomeAdvisor gave his residential phone number, which is part of the national do-not-call registry, to six home improvement contractors, which resulted in six "illegal telemarketing calls." (*Id.*, at ¶¶ 42-43, 53(b).) Third, Plaintiff alleges that HomeAdvisor failed to send him a copy of its in-house "Do Not Call" policy after he requested it. (*Id.*, at ¶¶ 29, 53(d).) Plaintiff alleges that Lending Tree also violated the Sale Rule by providing his home phone number to two mortgage brokers and to HomeAdvisor. (*Id.*, at ¶¶ 46, 53(e).) However, as Plaintiff only claims statutory and punitive damages, which do not count toward the $50,000 requirement, and fails to allege any actual damages, Magistrate Judge Cott correctly concluded that Plaintiff's Sales Rule claim should also be dismissed.   This Court therefore accepts the Report's recommendation dismissing Plaintiff's Sales Rule claim.

## VIII. LEAVE TO AMEND

As previously noted, on July 31, 2015, Plaintiff sought to amend his complaint a second time. (ECF Nos. 31, 32.) As Magistrate Judge Cott noted, Plaintiff already amended his complaint on May 20, 2015 to address arguments raised in Defendants' Motion to Dismiss the original complaint. (ECF Nos. 5-6.) Defendants object to a second amendment to the complaint on the ground that further amendment would be futile. (*See* Reply, ECF No. 29, at 9.) Having examined Plaintiff's proposed amendment, Magistrate Judge Cott found that Defendants correctly contend that Plaintiff's proposed Second Amended Complaint ("SAC") "merely rehashes in different language the same conclusory allegations contained" in the Amended Complaint. (*See* Report, at 27-28.) Plaintiff's proposed SAC "adds no factual allegations that cure the deficiencies in his amended complaint." (*Id.* at 28.) Accordingly, Magistrate Judge Cott recommended that leave to amend be denied as futile because the proposed SAC would not survive a Rule 12(b)(6) motion to dismiss. (*Id.*); *Local Union 20 v. United Bhd. of Carpenters & Joiners of Am.*, No 97-CV-5538,

2001 WL 1005565, at * 12 (S.D.N.Y. Aug. 6, 2001) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim upon which the court has previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). This Court accepts the Report's recommendation and denies Plaintiff leave to amend the complaint a second time.

## IX. CONCLUSION

This Court finds no clear error in the Report and adopts it in full. The claims in the Amended Complaint are hereby DISMISSED, with the exception of Plaintiff's claims under the Telephone Consumer Protection Act.

The Clerk of Court is directed to close the motion at ECF No. 22 and dismiss Defendants Diller, Lebda, Zurcher, and Interactive Corporation/IAC from this action.

Dated: New York, New York
     March 8, 2016

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge